## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JOSÉ M. LIMA CASTRO**                                          **CIVIL ACTION**

**VERSUS**                                                       **NO. 08-4248**

**STATE OF LOUISIANA, ET AL.**                                   **SECTION:  "N"(3)**

## REPORT AND RECOMMENDATION

Plaintiff, José M. Lima Castro, a state pretrial detainee, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against the State of Louisiana.  He subsequently amended the complaint to name as defendants Dr. Mark Wilson, Dr. Craig D. Waggoner, Dr. Richard Richoux, and Warden S. Penouilh.

A Spears hearing was held on October 23, 2008, to allow plaintiff an opportunity to orally advise the Court of the nature and factual bases of his claims.  See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[1]  At that hearing, he was sworn and his testimony was recorded.  Based on his

---

[1] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners."  Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998).  The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement.  Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996).  Spears hearing testimony becomes a part of the total filing by the *pro se* applicant.  Id.

complaint, as amended, and the <u>Spears</u> hearing testimony, the Court finds that plaintiff is making the following allegations in this civil action.

Plaintiff was arrested in June of 2005, and he was detained in the Jefferson Parish Correctional Center while awaiting trial.  The jail's psychiatrist, Dr. Richard Richoux, prescribed Thorazine for plaintiff, who allegedly has a history of mental illness.

On August 23, 2007, plaintiff was transferred to the state mental health hospital in Jackson, Louisiana, for a determination of whether he was competent to stand trial.  When he arrived at the hospital, Drs. Mark Wilson and Craig Waggoner gradually tapered plaintiff off of his anti-psychotic medication so he could be properly evaluated.  Drs. Wilson and Waggoner ultimately concluded that plaintiff was malingering and that he was competent to stand trial.

Plaintiff was then returned to the Jefferson Parish Correctional Center to await trial.  When he arrived back at the jail, he was taking Vistaril to help him sleep.  Dr. Richoux discontinued the Vistaril, and, as a result, plaintiff has been experiencing insomnia and anxiety.  Plaintiff complains that his medical care is inadequate, in that he is receiving no medication for his mental illness and is not being seen by a psychiatrist.

Plaintiff submitted grievances to Warden Penouilh of the Jefferson Parish Correctional Center regarding his allegedly inadequate medical care; however, she has not intervened to assist him.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. §

1915A(a).[2]  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any
> portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief
>> may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit,

federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the
> court shall dismiss the case at any time if the court determines that ... the action or
> appeal –
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary damages against a defendant who is immune
>> from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of a complaint.  Cay v.

Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114

(5th Cir. 1993).  In making that determination, the Court has "not only the authority to dismiss a

claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil

of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly

---

[2]  "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused
of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms
and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. §
1915A(c).

3

baseless." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Macias v. Raul A. (Unknown), Badge No. 153</u>, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." <u>Reeves v. Collins</u>, 27 F.3d 174, 176 (5th Cir. 1994); <u>Booker</u>, 2 F.3d at 115 & n.6. Although broadly construing plaintiff's complaint, as amended,[3] and fully considering his <u>Spears</u> hearing testimony, the Court nevertheless finds that, for all of the following reasons, this civil action should be dismissed as frivolous and for failing to state a claim on which relief may be granted.

State of Louisiana

Plaintiff has named the State of Louisiana as a defendant. However, the Eleventh Amendment bars a state's citizens from filing suit against the state in federal court unless the state has waived its immunity. <u>Cozzo v. Tangipahoa Parish Council-President Government</u>, 279 F.3d 273, 280 (5th Cir. 2002). The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. <u>See</u> La.Rev.Stat.Ann. § 13:5106(A).
>
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

<u>Id</u>. at 281 (quotation marks and citations omitted). The Eleventh Amendment bars a suit against the state regardless of whether the plaintiff seeks monetary damages or injunctive relief. <u>Id</u>. at 280; <u>see also</u> <u>Briggs v. Mississippi</u>, 331 F.3d 499, 503 (5th Cir. 2003).

---

[3] The court must liberally construe a *pro se* civil rights complaint. <u>See</u> <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994).

Moreover, even if plaintiff's claims were not barred by the Eleventh Amendment, they would still be subject to dismissal on the basis that states are not "persons" subject to suit under 42 U.S.C. § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989); Laxey v. Louisiana Board of Trustees, 22 F.3d 621, 623 n.2 (5th Cir. 1994); Cronen v. Texas Department of Human Services, 977 F.2d 934, 936 (5th Cir. 1992).

Medical Care Claims

Plaintiff's claims against Drs. Wilson, Waggoner, and Richoux challenge the quality of the medical care they provided.  Essentially, plaintiff claims that the physicians wrongly accused him of malingering and failed to provide him with necessary medication to treat his alleged mental illness.[4]

It is clear that the constitutional rights of a pretrial detainee may be violated if his serious medical needs are met with deliberate indifference on the part of penal authorities.  Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001).  However, the United States Fifth Circuit Court of Appeals has held:

> Deliberate indifference is an extremely high standard to meet. ...  [T]he plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would

---

[4] Plaintiff also noted on his complaint and at the Spears hearing that he was denied a Spanish interpreter or a Spanish-speaking doctor while at the mental hospital in Jackson.  It is unclear to what extent, if any, plaintiff is asserting a separate claim based on that allegation.  Nevertheless, even if he did intend to assert that as a separate claim, it should be dismissed for two reasons.  First, plaintiff requests only injunctive relief, *not* monetary damages, in this lawsuit.  However, he is no longer at the hospital in Jackson, and so any request for injunctive relief with respect to this claim would be moot.  See Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001).  Second, in any event, it was abundantly clear at the Spears hearing that plaintiff, who has lived in the United States since 1980, has no problem communicating in English.

> clearly evince a wanton disregard for any serious medical needs. ... And, the failure
> to alleviate a significant risk that [the official] should have perceived, but did not is
> insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation

marks and citations omitted).  Moreover, "deliberate indifference cannot be inferred merely from

a negligent or even a grossly negligent response to a substantial risk of serious harm."  Thompson,

245 F.3d at 459.  "Deliberate indifference encompasses only unnecessary and wanton infliction of

pain repugnant to the conscience of mankind."  McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir.

1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

As to Drs. Wilson and Waggoner, they were responsible for evaluating plaintiff when he was

transferred to the state mental health hospital in Jackson, Louisiana, for a determination of whether

he was competent to stand trial.  Plaintiff complains that Drs. Wilson and Waggoner discontinued

the Thorazine previously prescribed by Dr. Richoux.  Plaintiff also challenges their ultimate

conclusion that he was not in fact mentally ill but was instead simply malingering.  The Court finds

that these claims against Drs. Wilson and Waggoner fail for several reasons.

First, although plaintiff disagreed with the physicians' decision to discontinue the Thorazine,

it is clear that such a disagreement concerning whether certain medical treatment is necessary or

appropriate generally is not actionable absent exceptional circumstances.  Banuelos v. McFarland,

41 F.3d 232, 235 (5th Cir. 1995).  No such exceptional circumstances exist in this case.

Second, it is evident *why* plaintiff's medication was discontinued.  He was transferred to the

hospital in connection with his state criminal proceedings for the very purpose of determining

whether he was in fact so impaired by mental illness that he was incompetent to stand trial.  His

medication was obviously discontinued so that he could be accurately assessed and evaluated without the interfering effects of the drugs.  It can hardly be said that Drs. Wilson and Waggoner acted unreasonably or with deliberate indifference in discontinuing the medication for that purpose.

Third, Drs. Wilson and Waggoner ultimately concluded that such medication was unnecessary because plaintiff was malingering.  It is of no moment that plaintiff disputes the accuracy of that diagnosis.  Even if plaintiff could ultimately prove in this lawsuit that the diagnosis was wrong, his federal claim would still fail because it is indisputable that an incorrect diagnosis simply does not suffice to state a claim for deliberate indifference.  Domino, 239 F.3d at 756; Kelly v. Gusman, Civ. Action No. 07-611, 2007 WL 2007992, at *4 (E.D. La. July 5, 2007); Cerna v. Texas Tech Medical Staff, No. 2:03-CV-0322, 2004 WL 42602, at *2 (N.D. Tex. Jan. 7, 2004). Rather, such misdiagnosis would, *at best*, constitute only negligence or malpractice which alone are never sufficient to state a federal claim for constitutionally inadequate medical care.  Hall v. Thomas, 190 F.3d 693, 697 (5th Cir. 1999); see also Kelly, 2007 WL 2007992, at *4; Cerna, 2004 WL 42602, at *2.  Such claims of negligence or malpractice are for the state courts, not a federal court.  See Estelle v. Gamble, 429 U.S. 97, 107 (1976); Cerna, 2004 WL 42602, at *2.

Fourth, plaintiff requests only injunctive relief in his complaint, and he made clear at the Spears hearing that he is *not* seeking monetary damages in this action.  Because plaintiff is no longer at the hospital in Jackson or under the care of Drs. Wilson and Waggoner, any such request for injunctive relief as to those defendants is moot.  See Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001).

As to Dr. Richoux, plaintiff complains that Dr. Richoux wrongly discontinued the prescription for Vistaril, thereby causing plaintiff to experience insomnia and anxiety.  He also complains that Dr. Richoux has not prescribed any medication for plaintiff's alleged mental illness and is not sending him to another psychiatrist for treatment.  Plaintiff's claims against Dr. Richoux likewise fail for several reasons.

First, plaintiff acknowledged at the <u>Spears</u> hearing that Dr. Richoux is a psychiatrist.  In his professional judgment, Dr. Richoux has determined that medication or additional care is unnecessary, and such medical judgments are not to be lightly second-guessed by the courts in a federal civil rights action.  <u>See</u> <u>Estelle</u>, 429 U.S. at 107; <u>see also</u> <u>Domino</u>, 239 F.3d at 756 ("the decision whether to provide *additional* treatment is a classic example of a matter for medical judgment") (emphasis added; internal quotation marks omitted).

Second, it is clear that plaintiff simply disagrees with Dr. Richoux's treatment plan.  However, as previously noted, such disagreements between a patient and his doctor generally are not actionable in a federal civil rights action.  <u>Banuelos</u>, 41 F.3d at 235.

Third, even if Dr. Richoux is wrong as to plaintiff's need for medication or additional psychiatric treatment, that would at best constitute only negligence or malpractice which, as previously noted, are never sufficient to state a federal constitutional claim for inadequate medical care.  <u>Hall</u>, 190 F.3d at 697.

Warden Penouilh

Lastly, plaintiff has named as a defendant Warden Penouilh of the Jefferson Parish Correctional Center.  At the <u>Spears</u> hearing, plaintiff indicated that he sued the warden because she

is in charge at the jail and because she took no corrective action when he submitted grievances about his inadequate medical care.

Plaintiff's claim against Penouilh fails on at least two grounds.  First, the mere fact that Penouilh holds a supervisory position at the jail is not alone a basis to hold her liable for federal civil rights violations under any theory of strict liability[5] or vicarious liability.[6]  Second, plaintiff's claim that Penouilh failed to act on his grievances is foreclosed by Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005).  In Geiger, a prisoner alleged that prison officials failed to properly investigate his grievances complaining about perceived civil rights violations.  The United States Fifth Circuit Court of Appeals held that the claim was frivolous because a prisoner has no federally protected liberty interest in having his grievances investigated and resolved to his satisfaction.  Id. at 373-74; see also Propes v. Mays, 169 Fed. App'x 183, 184-85 (5th Cir. 2006); George v. Travis, Civ. Action No. 07-986, 2007 WL 1428744, at *7 (E.D. La. May 10, 2007); Mahogany v. Miller, Civ. Action No. 06-1870, 2006 WL 4041973, at *1 (E.D. La. Aug. 3, 2006), appeal dismissed, 252 Fed. App'x 593 (5th Cir. 2007).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted.

---

[5] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996).

[6] An official cannot be held liable pursuant to 42 U.S.C. § 1983 under any theory of vicarious liability.  Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or respondeat superior liability.").

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-seventh day of October, 2008.

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE